# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL, : | |
|   Plaintiff, : | |
| : | CIVIL ACTION |
|   v. : | |
| : | NO. 09-06 |
| MICHAEL DONOHUE, ET AL., : | |
|   Defendants. : | |

## Memorandum and Order

YOHN, J.                                                                                                                                                                                                                    January 22, 2009

      Plaintiff Stanley E. Kornafel moves the court to authorize him to proceed *in forma pauperis* with a civil rights action. Upon review of his statement in support of his motion, the court will grant the motion. However, because the court finds that the complaint is legally frivolous and fails to state a claim on which relief may be granted, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, the dismissal will be with prejudice because amendment would be futile.

## I.    Factual Background

      In his complaint, plaintiff names numerous defendants: the Delaware County, Pennsylvania District Attorney's Office; attorneys Michael Donohue and Sandra M. Urison (of the Delaware County District Attorney's Office); Judge George A. Pagano (Court of Common Pleas, Delaware County, Pennsylvania); the Police Department of Media, Pennsylvania; and Officer Eric Gavin and Lieutenants Joseph Ryan and Joseph Oberg (of the Media Police Department). In the complaint, plaintiff alleges the following:

      Many years ago, Kornafel filed a lawsuit in this judicial district (No. 94-1361) (the "first

lawsuit"). (Compl. at 2.) Attorney Maureen Repetto represented Kornafel in that lawsuit. Allegedly, Repetto's representation was lacking. Kornafel contends that Repetto, among other failings, "refused to make appearance at trial date" and filed a "false" stipulation with "misleading information" and without Kornafel's authorization. (*Id.*) Kornafel later filed a fraud and malpractice action against Repetto in Pennsylvania state court (No. 98-12708) (the "second lawsuit"), over which Judge Pagano presided. (*Id.* 2-3.) Kornafel alleges that Judge Pagano showed "partisan interest" in this second lawsuit, "forced arbitration" of the case, and prejudiced Kornafel by dismissing the case. (*Id.* at 3.) Kornafel alleges that he was denied access to justice in his attempts to both appeal Judge Pagano's rulings to the Pennsylvania Superior Court and to file a mandamus action against all judges involved in the proceedings. (*Id.*)

Separately, attorney William M. Thompson represented Kornafel in a divorce action (the "third lawsuit"). (*Id.* at 4.) Kornafel alleges that Thompson "filed false and misleading information" in that action and, in concert with opposing counsel and the master of the hearing, acted against Kornafel's interests by denying him access to the hearing and "depriv[ing]" him from giving testimony. Thompson, opposing counsel, and the master allegedly engaged in these misdeeds in retaliation because they knew of Kornafel's malpractice action against fellow-attorney Repetto (the second lawsuit). Apparently, Kornafel then unsuccessfully sued Thompson for malpractice (the "fourth lawsuit"). (*Id.* at 5.)

On December 1, 2008, Kornafel filed a private criminal complaint against Repetto. (*Id.* at 5, Ex. A.) Noting that a complainant must allege specific facts in his complaint, defendant-attorney Michael Donohue (of the Delaware County District Attorney's Office) disapproved the complaint, writing that it was "referred to police, private attorney, and[/]or disciplinary board."

(*Id.* at Ex. A.) Kornafel then contacted the Media Police Department and eventually spoke with Lieutenants Joseph Ryan and Joseph Oberg (both defendants to the present action), both of whom refused to pursue Kornafel's complaint. (*Id.* at 5-6.)

On December 23, 2008, Kornafel filed a private criminal complaint against Thompson. (*Id.* at 6, Ex. B.) Defendant-attorney Sandra M. Urison (of the Delaware County District Attorney's Office) disapproved the complaint because it lacked prosecutorial merit. (*Id.* at Ex. B.)

Also on December 23, 2008, defendant-Officer Eric Gavin of the Media Police Department "advised plaintiff that the matters were beyond his investigative scope," but referred plaintiff to the Special Prosecution Office. (*Id.* at 7.) Kornafel then attempted to contact the Special Prosecution Office by telephone. As of the filing of the instant complaint, Kornafel had not heard back from the Special Prosecution Office or Officer Gavin. (*Id.*)

Invoking 42 U.S.C. § 1983, plaintiff seeks a writ of mandamus "to force authorities to allow plaintiff to file [a] proper complaint, or other forms . . . [and] any form of monetary relief the court may deem appropriate." (*Id.*)

**II.     Discussion**

As mentioned above, the court will grant plaintiff's motion to proceed *in forma pauperis*. Actions *in forma pauperis* are governed by 28 U.S.C. § 1915, and pursuant to § 1915(e)(2), a court must dismiss a case if it determines the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the court will dismiss plaintiff's action.

3

### A. Judicial Immunity

Plaintiff cannot prevail in his suit against Judge Pagano because, even taking plaintiff's allegations as true, Judge Pagano has judicial immunity. In performing their judicial duties, judges possess broad immunity from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). Indeed, this immunity is so broad that it has been described as absolute. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judicial "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Absent those exceptions, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Judge Pagano's actions, as alleged in the complaint, were all taken in his judicial capacity and certainly were *not* in the clear absence of jurisdiction. Accordingly, Judge Pagano has judicial immunity.

### B. No Right to Prosecution of Others

Furthermore, regarding Judge Pagano and all other defendants, the complaint is legally frivolous and fails to state a claim on which relief may be granted for an additional reason. Plaintiff is suing these defendants because he has not been able to file criminal complaints against his former attorneys. However, a private citizen does not have "a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). As the Supreme Court stated, "a citizen lacks standing to contest the policies of

the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* Thus, plaintiff lacks standing to bring the present suit. Accordingly, the court will dismiss the complaint. Moreover, because no additional allegations could exclude plaintiff from the Supreme Court's general rule that private citizens lack standing to challenge the prosecution or nonprosecution of others, amendment of the complaint would be futile. Therefore, the dismissal will be with prejudice. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (stating the general rule that "plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint[s] unless doing so would be inequitable or futile").

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL, :<br>   Plaintiff, :<br>                           :<br>     v.                             :<br>                                 :<br>MICHAEL DONOHUE, <u>ET</u> <u>AL.</u>, :<br>   Defendants. : | CIVIL ACTION<br><br>NO. 09-06 |

## Order

YOHN, J.

**AND NOW** on this 22nd day of January 2009, upon consideration of plaintiff's motion to proceed *in forma pauperis* (Docket No. 1) and plaintiff's complaint, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and

2. Pursuant to 28 U.S.C. § 1915(e)(2), plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous and for failure to state a claim on which relief may be granted.

s/ William H. Yohn Jr., Judge<br>
William H. Yohn Jr., Judge